FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 11 2011 ★ Rec'd 7/13/11
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DBGA INC.,

                Plaintiff,

-against-

TRANSPORTATION SECURITY ADMINISTRATION,

                Defendant.
-----------------------------------------------------------------X

11-CV-705 (ARR) (MDG)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Plaintiff, DBGA Inc. ("plaintiff" or "DBGA"), proceeding pro se, brings this action against the Transportation Security Administration ("defendant" or the "TSA") claiming monetary damages of $1000. Plaintiff's complaint, filed in the Civil Court of the City of New York on January 6, 2011, relates to an unspecified transaction or occurrence on December 5, 2010. Plaintiff's Statement of Claim, Dkt. No. 1, Ex. A. In its entirety, the claim reads, "for not making us know shipper. We are diamond merchants for last 19 years." Id. Defendant removed the action to federal court based on its status as an agency of the United States, see 28 U.S.C. § 1442(a)(1), and now moves before this court to dismiss the complaint. Plaintiff has submitted no response in opposition. Because the court finds that the TSA is immune from suit, it grants defendant's motion to dismiss for lack of subject-matter jurisdiction.[1]

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). As the party

---

[1] Therefore, the court does not reach defendant's two other arguments for dismissal: (i) insufficient service of process and (ii) the plaintiff corporation's failure to prosecute the action through a licensed attorney.

1

seeking to invoke the jurisdiction of the court, plaintiff bears the burden of demonstrating that subject-matter jurisdiction is proper based on facts existing at the time the complaint was filed. Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996).

It is well settled that "[t]he United States as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 484, 586 (1941)). The shield of sovereign immunity also protects United States agencies and officers acting in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475 (1994); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). A waiver of sovereign immunity is therefore a jurisdictional prerequisite to suit against the United States and its agencies and officers. Such a waiver, it has been said, "cannot be implied but must be unequivocally expressed." Doe v. Civiletti, 635 F.2d 88, 93 (2d Cir. 1980) (citation and internal quotation marks omitted).

As a federal agency, the TSA is shielded from suit by the doctrine of sovereign immunity. Because plaintiff has failed to identify any waiver of sovereign immunity applicable to the present action, its complaint is hereby dismissed. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: July 11, 2011
Brooklyn, New York

SERVICE LIST

<u>Pro Se Plaintiff</u>
DBGA Inc.
104-40 Queens Blvd., Suite 10Y
Forest Hills, NY 11375

DBGA Inc.
c/o Mr. Sanjay Kothari
P.O. Box 750548
Forest Hills, NY 11375